UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In the Matter Of: | ) |
| | ) |
| | ) |
| Angie Jackson, on behalf of her | ) |
| Minor daughter, A.J., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-cv-02595-PLC |
| v. | ) |
| | ) |
| CONFLUENCE ACADEMY | ) |
| (aka CONFLUENCE ACADEMIES | ) |
| CHARTER SCHOOL) | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| **Defendant's Statement of Facts** | **Plaintiff's Position** |
|---|---|
| 1. A.J. is a student with a disability within the meaning of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Complaint, ¶ 3. | **Not disputed.** See also Plaintiff's Ex. 1, pg. 3, filed in Support of Plaintiff's Motion for Partial Summary Judgment and related Statement of Uncontroverted Facts (Document # 21-1). |
| 2. A.J. attended Confluence during the 2016-2017 and 2017-2018 school years. Complaint, ¶ 5. | **Disputed in part.** Plaintiff admits that A.J. attended Confluence during the 2016-2017 school year. Plaintiff admits A.J. attended Confluence during the 2017-2018 school year but only after filing a due process complaint that prompted Confluence to permit her to return to school. See also Ex. 2, Declaration of Angie Jackson ("Jackson Dec.") ¶ 11 (Doc. # 21-2). |
| 3. On August 28, 2017, Ms. Amanda Schneider, counsel for A.J., informed Confluence that she believed A.J. had been improperly suspended from Confluence, denied special education services, and unenrolled from the school. Affidavit of Dr. Laurie | **Objection.** Plaintiff objects to the phrasing of this allegation as it was on Ms. Jackson's behalf that her Counsel stated her concerns. Notwithstanding this objection, Plaintiff admits her counsel informed Confluence on Plaintiff's behalf of these concerns. |

| | | |
|---|---|---|
| | Milburn, attached hereto as Exhibit A, ¶ 3. | |
| 4. | Upon learning of these allegations, Dr. Laurie Millburn, Director of Student Services, began investigating and learned that A.J. had not been withdrawn and could return to school at any time. Ex. A., ¶¶ 4-5. | **Disputed.** Plaintiff denies Dr. Millburn's characterization of her status of enrollment at Confluence. A.J. through her Mother was told by Ms. Montgomery, the school secretary, that she had been withdrawn from Confluence last April. See Ex. 2, Jackson Dec. ¶ 11 (Doc. # 21-2). |
| 5. | Plaintiff filed an expedited due process complaint on September 1, 2017. Ex. A, ¶ 6. | **Not disputed.** |
| 6. | On September 5, 2017, Confluence's attorney informed A.J.'s attorney that A.J. had not been withdrawn and could return to school at any time. Ex. A, ¶ 5; September 5, 2017 Emails to Plaintiff's Counsel, attached hereto as Exhibits B and C. | **Not disputed.** |
| 7. | Confluence also offered to schedule an Individualized Education Program ("IEP") meeting to consider a change in special education services, a more restrictive environment, and additional testing. Exs. B and C. | **Objection.** Plaintiff objects to the allegation in Paragraph 7 to the extent that it constitutes a legal conclusion that Defendants' email dated September 5, 2017 should be considered a settlement offer for the purposes of resolving the due process complaint prior to the entry of the consent order. An email from Confluence's counsel does not commit Confluence to doing anything. The email also did not comport with the requirements of 20 U.S.C. § 1415(i)(3)(D)(i). The email also did not set out any specific terms of a settlement offer. Without waiving this objection, Plaintiff admits that the email dated September 5, 2017 offered to schedule an IEP meeting while also requesting that Plaintiff's counsel dismiss the due process complaint. See Exs. B and C. |
| 8. | Confluence also offered to provide A.J. with "whatever compensatory services she may need." Ex. C. | **Objection.** Plaintiff objects to the allegation in Paragraph 8 to the extent that it constitutes a legal conclusion that the email from Defendants' counsel should be considered a settlement offer for the purposes of resolving the due process complaint prior to the entry of the consent order. An email from Confluence's counsel does not commit Confluence to doing anything. The email also did not comport with the requirements of 20 U.S.C. § |

|  |  | 1415(i)(3)(D)(i).  The email also did not set out any specific terms of a settlement offer.  Without waiving this objection, Plaintiff admits that Confluence through Confluence's counsel included the language of "providing A.J. with whatever compensatory services she needed" in an email while also requesting that Plaintiff dismiss her due process complaint. See Exs. B and C. |
|---|---|---|
| 9. | On September 7, 2017, Confluence and Plaintiff attended a resolution meeting, which is required by the IDEA to promote early resolution of special education disputes. Ex. A, ¶ 7. | **Not disputed.** |
| 10. | At the resolution meeting, Confluence again offered the relief requested in the due process complaint- a review of A.J.'s IEP to consider a more restrictive environment, additional testing, and compensatory services. Ex. A, ¶¶ 11-12. | **Disputed.** Plaintiff denies that Confluence offered the relief requested in the due process complaint. Confluence only agreed to hold an IEP meeting. See Ex. 2, Jackson Dec. ¶ 11 (Doc. # 21-2). |
| 11. | Plaintiff rejected the offer to provide her the relief she had requested and changed her demand. Ex. A, ¶ 8. | **Disputed.** Plaintiff denies that she rejected the offer to provide her the relief she requested and changed her demand. Confluence only agreed to hold an IEP meeting. See Ex. 2, Jackson Dec. ¶ 11 (Doc. # 21-2). The due process complaint itself includes language in the Relief Requested that specifies "consideration for separate private placement." See Ex. 5, (Doc. # 21-5). |
| 12. | At the resolution meeting Plaintiff, for the first time, demanded that Confluence unilaterally change A.J.'s placement to a separate therapeutic program as a condition of dismissal of the due process complaint. Ex. A, ¶ 8. | **Disputed.** Plaintiff denies that any demand changed at the resolution session. The due process complaint itself includes language in the Relief Requested that specifies "consideration for separate private placement." See Ex. 5, (Doc. # 21-5). |
| 13. | Confluence rejected this demand on the basis that A.J.'s IEP team, not her attorneys, should determine the appropriate placement for A.J. Ex. A, ¶ 10. | **Objection.** Plaintiff objects to this allegation on the basis of relevancy. Plaintiff also has no direct knowledge of the reasons why Confluence rejected this demand and would have to speculate as to the reason. Not waiving this objection, Plaintiff admits that Dr. Milburn wrote an affidavit that includes this allegation. |
| 14. | A.J. returned to school at Confluence on September 12, 2017. Ex. A, ¶ 15. | **Disputed in part.** Plaintiff admits that A.J. returned to school at Confluence on September 12, 2017, but only after filing a due process |

| | |
|---|---|
| | complaint on September 1, 2017, that prompted Confluence to permit her to return to school. See Ex. 5, p. 7 (Doc. # 21-5). |
| 15. On September 13, 2017, Confluence offered to place A.J. at a separate therapeutic facility as requested at the resolution meeting and to provide her with 210 hours of compensatory services. September 13, 2017 Letter to Plaintiff's Counsel, attached hereto as Exhibit D. | **Not disputed.** |
| 16. Plaintiff rejected this offer and proposed a counteroffer that included payment of attorneys' fees. September 14, 2017 Email to Plaintiff's Counsel, attached hereto as Exhibit E. | **Disputed in part.** Plaintiff requested additional relief in her counter offer beyond attorneys' fees, including a request for an Independent Educational Evaluation. See Defendant's Ex. E (Doc. # 33-5). |
| 17. Confluence responded that it would not agree to any resolution that included payment of attorneys' fees but would agree to the relief requested in the due process complaint and Plaintiff's pre-hearing conference statement. Ex. E. | **Objection.** Plaintiff objects to the allegation in Paragraph 17 to the extent that it constitutes a legal conclusion that the email from Confluence's Counsel should be considered a settlement offer for the purposes of resolving the due process complaint prior to the entry of the consent order. An email from Confluence's counsel does not commit Confluence to doing anything. The email also did not comport with the requirements of 20 U.S.C. § 1415(i)(3)(D)(i).  The email also did not set out any specific terms of a settlement offer. Notwithstanding this objection, Plaintiff admits that the email from Confluence's counsel states what Confluence's counsel says it states. |
| 18. On September 20, 2017, the parties participated in a pre-hearing conference before the Administrative Hearing Commission ("AHC"). Complaint,¶ 15. | **Not disputed.** |
| 19. During the conference, Confluence requested that the Commissioner order the relief requested in Plaintiff's pre-hearing conference statement and dismiss the due process complaint. September 21-22, 2017 Emails between Counsel for Plaintiff and Confluence, attached hereto as Exhibit F. | **Not disputed.** |
| 20. At the direction of the Commissioner, counsel for Plaintiff and counsel for Confluence prepared the agreed-upon | **Not disputed.** |

| | |
|---|---|
| Consent Order to be signed by the Commissioner. Ex. F. | |
| 21. The AHC entered the Consent Order on September 26, 2017. | **Not disputed.** |
| 22. The Consent Order memorializes the parties' agreement. Complaint, Ex. A ("Petitioner and Respondent agree that Petitioner is entitled to the relief requested in the due process complaint filed in the above-styled case. The Commission Orders and Memorializes the Following…"). | **Not disputed.** |
| 23. A.J.'s IEP team met on September 29, 2017 and decided to change her placement to a private day facility. Ex. A, ¶ 16. | **Disputed in part.** Plaintiff admits that in compliance with the Consent Order, A.J.'s IEP team met on September 29, 2017 and decided to change her placement to a private day facility. However, if Plaintiff had not filed her due process complaint which resulted in the entry of the terms of the consent order, it is unknown what Confluence would have determined in terms of placement at this IEP meeting. See Ex. 2, Jackson Dec. ¶ 16 (Doc. # 21-2). |

Respectfully submitted,

By: _/s/ Amanda J. Schneider_____
Amanda J. Schneider, Mo. Bar No. 59263
Legal Services of Eastern Missouri
4232 Forest Park Avenue
St. Louis, MO 63108
314-256-8768
Fax: (314) 534-1028
ajschneider@lsem.org

Law Offices of Thomas E. Kennedy, III, L.C.,
Thomas E. Kennedy, III, Mo. Bar No. 46617
Sarah Jane Hunt, Mo. Bar No. 63899
906 Olive Street, Ste. 200
St. Louis, Missouri 63101
Tel. (314) 872-9041
tkennedy@tkennedylaw.com
sarahjane@tkennedylaw.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 9th of May, 2018, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's Electronic Filing System upon the following counsel for defendant Confluence Academy:

Amy Clendennen, Mo. Bar No. 53835
34 N. Meramec Ave. Suite 600
Saint Louis, MO 63105
Ph: (314) 880-3600
Fax: (314) 880-3540
aclendennen@tuethkeeney.com
Attorney for Defendant

*/s/ Amanda J. Schneider*